No. 4189

Second Circuit

(Second Division)

———

BEACH SUPPLY CO., INC., v. RARITAN CO., INC., ET AL.

———

(March 16, 1932. Opinion and Decree.)
(May 4, 1932. Rehearing Refused.)

———

Wilson & Abramson, of Shreveport, attorneys for plaintiff, appellee.

Dickson & Denny, of Shreveport, attorneys for defendants, appellants.

TALIAFERRO, J. Plaintiff sold to defendant, Raritan Company, Inc., certain plumbing supplies for use in a building owned by it in the city of Shreveport, the cost of which amounted to $883.68, and to liquidate the account defendant gave to plaintiff its note payable in monthly installments of $60. This note was delivered to plaintiff on May 21, 1929, the day after a furnisher's lien had been filed by plaintiff against defendant's property. Plaintiff desired a note in liquidation of its account on which it could borrow money, and, finding that defendant's open note could not be negotiated, and informing Mr. James A. Denny, its president, of that fact, he indorsed it personally, and thereafter the note was assigned to a third person who advanced money on it. By payments the note was reduced, while in the hands of this third person, to $157.24; and was re-acquired by plaintiff, who brings this suit against the maker and indorser to recover said balance.

Defendants aver that the note sued on was executed, indorsed, and delivered in consideration of the agreement on part of plaintiff that its account would be liquidated thereby and fully settled, and no lien filed against defendant's property, but that, regardless of this agreement, plaintiff did file said lien; that payments were made on said note while in the hands of said third person, but none since plaintiff re-acquired it; that said note is null and void in the hands of plaintiff.

The Raritan Company pleads estoppel against plaintiff's suit on said note, and failure of consideration, for the reasons above set forth. Defendant Denny alleges that his signature as indorser of the note was obtained by fraud and misrepresentation.

The lower court rejected defendants' contentions and gave plaintiff judgment for the balance due on the ·note. Defendants' have appealed.

The record discloses that, when the plumbing supplies were purchased from plaintiff, in fact before the sale was closed, the probability of defendant being able to furnish a· negotiable note to cover the price was discussed. The note was executed nearly a month before delivery to plaintiff.

Mr. B. H. Beach, plaintiff's president, testified that he could not dispose of the note unless supported by recorded furnisher's lien. He does not touch on the circumstances of Mr. Denny's endorsement of the note, but is positive his company did not agree not to file its lien.

Mr. Denny testified that he indorsed the note in order to settle the account his company owed plaintiff, after the note had been brought back to him by his agent, Mr. Mabry, accompanied by Mr. Beach, who stated that the note could not be negotiated without the personal indorsement of Mr. Denny. He does not state positively that plaintiff agreed not to file its lien in consideration of his indorsement on the note, but said he "didn't have any idea that there would be a lien filed." The lien had already been filed. Defendant Raritan Company filed suit to have the inscription of said lien canceled and erased, but the record does not disclose the outcome of that suit.

It is not contended by defendants that the note sued on, nor the account it was intended to liquidate, has been paid in full. They seek to escape liability for the balance due on the note, after having paid the greater part of it, simply because

plaintiff filed its lien in violation of what they deem to be an agreement not to do do. However, on this score, the evidence does not establish that plaintiff agreed to not file the lien. No effort is being made to foreclose the lien, and certainly, when defendants have paid the balance due on the note the lien, whatever may be said of its present status will have become extinguished.

By their suit to have the lien erased from the records, defendants admit execution of the note in settlement of the account and liability thereon, impliedly if not expressly, while in their defense to the present suit they deny liability on the note because the lien was filed. These positions are obviously inconsistent.

We are unable to agree with defendants' position that they are not responsible for payment of the balance on this note. There was a valid consideration for the note and its indorsement by Mr. Denny, and that consideration has not failed to any extent. The note was given for an express purpose, and was indorsed for an express purpose. No circumstances attending these transactions indicate any fraud was practiced, and the record does not show that any misstatement of facts influenced the affixing of the signatures to the note.

The judgment appealed from is correct, and it is hereby affirmed.